UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER A. HENRYX,

Plaintiff,

- against -

ADITYA RADHAKRISHNAN, and
VJOLCA VJUBAGNONC,

Defendant.

**ORDER**

23 Civ. 831 (PGG) (KHP)

PAUL G. GARDEPHE, U.S.D.J.:

Pro se Plaintiff Christopher A. Henryx – a former patient at Bellevue Hospital ("Bellevue") – brings this action against Defendants Aditya Radhakrishnan and Vjolca Vjubagnonc – a Bellevue doctor and nurse, respectively. (See Am. Cmplt. (Dkt. No. 21)) Plaintiff alleges that Defendants violated his rights under the Fourth, Fifth, Eighth, and Eleventh Amendments while he was a patient at Bellevue. (Id. at 2, 5-17)

On February 16, 2025, Plaintiff moved for leave to amend the Amended Complaint. (Pltf. Mot. to Amend (Dkt. No. 53); see also Feb. 26, 2025 Order (Dkt. No. 54) at 1-2)

On April 17, 2025, Magistrate Judge Parker issued a Report and Recommendation ("R&R") recommending that this Court deny Plaintiff leave to amend. (R&R (Dkt. No. 66) at 4) Neither side has filed objections to the R&R.

For the reasons stated below, this Court will adopt Judge Parker's R&R in its entirety and deny Plaintiff's motion for leave to amend.

**BACKGROUND**

The Complaint was filed on January 30, 2023. (Cmplt. (Dkt. No. 1)) On July 5, 2023, this Court referred the case to Judge Parker for general pretrial supervision. (Order of Ref. (Dkt. No. 10))

On October 2, 2023, Plaintiff filed the Amended Complaint. (Am. Cmplt. (Dkt. No. 21)) The Amended Complaint asserts, inter alia, that Defendants attacked, physically restrained, and forcibly medicated Plaintiff while he was a patient at Bellevue. (Id. at 5-6) The Amended Complaint further alleges that Defendants confiscated and did not return Plaintiff's personal property. (Id. at 13-14) On August 19, 2024, Defendants filed an Answer to the Amended Complaint. (Answer (Dkt. No. 39))

On October 8, 2024, Judge Parker entered a case management order, setting October 31, 2024 as the deadline to request leave to amend the pleadings. (Dkt. No. 44)

On October 23, 2024, moved to amend the Amended Complaint to correct certain typographical errors. (Pltf. Oct. 23, 2024 Mot. to Amend (Dkt. No. 45) at 1) On October 29, 2024, Plaintiff filed another letter motion seeking leave to further amend. (Pltf. Oct. 29, 2024 Mot. to Amend (Dkt. No. 46) at 1) Plaintiff's October 29, 2024 submission does not include a proposed second amended complaint nor does it provide a basis for granting further leave to amend. (Id.)

On October 31, 2024, Judge Parker granted Plaintiff's October 23, 2024 motion to amend. (Oct. 31, 2024 Order (Dkt. No. 47) at 1) Judge Parker directed that Plaintiff's proposed typographical corrections be "incorporated by reference into the [A]mended [C]omplaint"; she also clarified that Plaintiff need not file a second amended complaint to implement the requested typographical changes. (Id.)

In her October 31, 2024 Order, Judge Parker also denied without prejudice Plaintiff's October 29, 2024 motion to amend, noting that Plaintiff had not "set forth what amendments [he] seeks to make" or "provide a proposed second amended complaint." (Id.)

On November 1, 2024, Plaintiff filed a Second Amended Complaint without leave of Court. (Dkt. No. 48) On January 3, 2025, Defendants moved to strike the Second Amended Complaint. (Def. Mot. to Strike (Dkt. No. 50))

In a January 16, 2025 order, Judge Parker ruled that the Amended Complaint was the "operative pleading," because Plaintiff had "not [met] the requirements for [filing a second amended complaint]." (Jan. 16, 2025 Order (Dkt. No. 51) at 1-2) Judge Parker granted Plaintiff leave to move to amend the Amended Complaint by February 14, 2024, however. (Id.) She also denied without prejudice Defendants' motion to strike, because they had "failed to follow the Court procedures for moving to strike." (Id.)

In a February 21, 2025 letter, Plaintiff requested that the proposed Second Amended Complaint filed on November 1, 2024 be deemed the operative complaint. (Pltf. Mot. to Amend (Dkt. No. 53)) In a February 26, 2025 Order, Judge Parker stated that she would construe Plaintiff's February 21, 2025 letter as a motion for leave to amend. (February 26, 2025 Order (Dkt. No. 54)) On February 27, 2025, Defendants filed their opposition to Plaintiff's motion for leave to amend. (Dkt. No. 56)

On April 17, 2025, Judge Parker issued an R&R recommending that this Court deny Plaintiff's motion for leave to amend. (R&R (Dkt. No. 66) at 4) In her R&R, Judge Parker notified the parties that, "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)" of the Federal Rules of Civil Procedure, they "have fourteen days from . . . to file written objections." (Id. at 5) The R&R further states that "[f]ailure to file timely objections will result in a waiver of those

objections for purposes of appeal." (Id. (citing, inter alia, Thomas v. Arn, 474 U.S. 140 (1985))) Neither side filed objections to the R&R.

## DISCUSSION

## I. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Report & Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Where no objections are filed in response to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." (citing John B. Hull, Inc. v. Waterbury Petroleum Products, Inc., 588 F.2d 24, 29-30 (2d Cir. 1978)).

### B. Leave to Amend

District courts have "broad discretion in determining whether to grant leave to amend," Gurary v. Winehouse, 235 F.3d 793, 801 (2d Cir. 2000), and "leave to amend should be freely granted when 'justice so requires.'" Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir.

1999) (quoting Fed. R. Civ. P. 15(a)). The Second Circuit has cautioned that district courts "'should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

"Where a scheduling order has been entered, [however,] the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003). "'[A] district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause.'" Perfect Pearl Co. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (quoting Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000)); see also BPP Illinois, LLC v. Royal Bank of Scotland Grp. PLC, 859 F.3d 188, 195 (2d Cir. 2017) (where "'a scheduling order governs amendments to the complaint,' and a plaintiff wishes to amend after the deadline to do so has passed, the plaintiff must show good cause to modify the deadline under Rule 16." (quoting Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009)).

### 1. **Rule 16(b) Standard**

In determining whether a movant has satisfied the "good cause" standard under Rule 16(b), "the primary consideration is whether the moving party can demonstrate diligence." Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007); Holmes, 568 F.3d at 335 ("Whether good causes exists turns on the 'diligence of the moving party.'" (citations omitted)). "[T]he movant must show that the deadlines [could not] be reasonably met despite its

diligence." Williams v. Town of Hempstead, No. 16-cv-1992 (ADS)(AYS), 2017 WL 4712219, at *2 (E.D.N.Y. Oct. 18, 2017) (citations and quotation marks omitted). "A party has not acted diligently where the proposed amendment to the pleading is based on information '"that the party knew, or should have known"' in advance of the deadline sought to be extended." Kontarines v. Mortg. Elec. Registration Sys., Inc., No. 15 Civ. 2206 (ARR), 2016 WL 3821310, at *3 (E.D.N.Y. July 12, 2016) (quoting Perfect Pearl Co., 889 F. Supp. 2d at 457 (quoting Sokol Holdings, Inc. v. BMP Munai, Inc., No. 05 Civ. 3749, 2009 WL 2524611, at *8 (S.D.N.Y. Aug. 14, 2009))); see also Hyo Jung v. Chorus Music Studio, Inc., No. 13 Civ. 1494 (CM) (RLE), 2014 WL 4493795, at *2 (S.D.N.Y. Sept. 11, 2014) ("If a proposed amendment is based on 'information that the party knew or should have known prior to the deadline, leave to amend is properly denied.'" (quoting Soroof Trading Dev. Co. Ltd. v. GE Microgen, Inc., 283 F.R.D. 142, 147 (S.D.N.Y. 2012))).

"[Diligence] is not, however, the only consideration [in the 'good cause' analysis]. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." Kassner, 496 F.3d at 244.

"In gauging whether a proposed amendment would prejudice a party, '[courts] consider, among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute.'" Carroll v. Trump, 88 F.4th 418, 431 (2d Cir. 2023) (quoting Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008)).

**2. Rule 15(a) Standard**

"If good cause supports modifying the court-ordered deadline to amend, the moving party must still comply with Fed. R. Civ. P. 15." Eberle v. Town of Southampton, 985 F. Supp. 2d 344, 346 (E.D.N.Y. 2013). Although Rule 15(a) provides that leave to amend generally should be "freely give[n] . . . when justice so requires," a court may properly deny leave to amend in cases of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" Ruotolo, 514 F.3d at 191 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "Where it appears that granting leave to amend is unlikely to be productive[,] . . . it is not an abuse of discretion to deny leave to amend.'" See Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) (quoting Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)).

## II. ANALYSIS

Judge Parker recommends that Plaintiff's motion for leave to amend be denied because (1) he missed the October 31, 2024 deadline for moving to amend and has not shown "good cause" under Rule 16 for that failure (see R&R (Dkt. No. 66) at 4; see also Pltf. Mot. to Amend (Dkt. No. 53) at 1 (providing no explanation as to why Plaintiff did not comply with scheduling order's deadline for moving to amend)); (2) Plaintiff's proposed Third Amended Complaint adds no new facts, causes of action, or theories of liability; and (3) Plaintiff has repeatedly failed to comply with the Court's deadlines and discovery orders. (Id.) She explains as follows:

> The Court has continuously extended deadlines for Plaintiff in light of his pro se status, but Plaintiff has failed to meet them; and his proposed Third Amended Complaint has no new causes of action or theories of liability and no new facts. The interests of justice would not be served by allowing the amendment after discovery has closed without Plaintiff having complied with his discovery

> obligations. To allow this would only serve to delay resolution of this matter and impose additional costs on Defendants for no reason. Plaintiff will not be prejudiced by leave being denied because his claims remain the same.

(Id.)

This Court has reviewed Judge Parker's R&R and finds no error in her analysis. As Judge Parker explains, Plaintiff has provided no explanation for his failure to comply with the scheduling order's deadline for moving to amend. Moreover, Plaintiff has repeatedly failed to comply with Court deadlines. Finally, the proposed Third Amended Complaint does not add new facts, new causes of action, or new theories of liability. Accordingly, granting the motion would serve no useful purpose.

## CONCLUSION

For the reasons stated above, this Court adopts Judge Parker's R&R in its entirety (Dkt. No. 66), and Plaintiff's motion for leave to amend the Amended Complaint (Dkt. No. 53) is denied.

The Clerk of Court is directed to terminate the motion (Dkt. No. 53) and to mail a copy of this Order to pro se Plaintiff.

Dated: New York, New York
July 10, 2026

SO ORDERED.

Paul G. Gardephe
Paul G. Gardephe
United States District Judge